UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUFER WIND GROUP LLC,

                Plaintiff,

-vs-

DMT HOLDINGS L.L.C. and DMT L.L.C.,

                Defendants.

10 Civ. 8716 (RJH)

**OPINION AND ORDER**

Richard J. Holwell, District Judge:

    The Court is in receipt of a letter from defendant DMT, L.L.C. ("DMT") dated as of December 8, 2010 in which DMT, pursuant to the Court's Individual Practices, informs the Court that DMT intends to file a motion to dismiss the complaint of plaintiff Laufer Wind Group LLC ("LWG") for, *inter alia*, lack of subject matter jurisdiction on the ground that LWG fails to plead the citizenship of any of the parties. The Court is also in receipt of a letter dated as of December 10, 2010 from LWG in response to DMT's letter of December 8, 2010.

    "Diversity of citizenship "should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal citation and quotation marks omitted). The parties to this matter are all limited liability companies. Each party is therefore a citizen of any state of which any of its members is a citizen. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990)). However, the complaint in this action does not plead the citizenship of any of the parties' members. In that circumstance, courts in this Circuit have dismissed pleadings for lack

of subject matter jurisdiction.  *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, ERISA Litig.*, No. 09-MD-2058, 2010 WL 3448194, at *62 n.17 (S.D.N.Y. Aug. 27, 2010) ("Because the Derivative Plaintiffs have not alleged the citizenship of each of the [LLC] Financial Advisors' members, they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship.") (internal citation omitted);  *Jawbone, LLC v. Donohue*, No. 01-CV-8066, 2002 WL 1424587, at *2 (S.D.N.Y. June 28, 2002) ("The Complaint's jurisdictional allegations . . . are obviously flawed, however, because both of those entities are limited liability companies.  The Complaint does not identify the members of those entities or state where those members are domiciled."); *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53 (S.D.N.Y. 2004) (remanding case where notice of removal did not state the citizenship of LLCs' members); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("The complaint does not indicate where SFP's partners or Beigel & Sandler's partners or Stern & Levy's members 'reside.' Consequently, complete diversity has not been properly alleged."). *Accord Chen v. Mayflower Transit, Inc.*, 159 F. Supp. 2d 1103 (N.D. Ill. 2001) ("There is no allegation as to the citizenship of the members of the limited liability company, and therefore, diversity jurisdiction is not adequately established.")

      LWG argues that its complaint alleges that "the parties are citizens of different states."  (Compl. at ¶ 3.)  But "[n]aked allegations that the parties are citizens of different states, absent an averment of the particular states of which the parties are citizens, are insufficient to meet the pleading requirement."  *Gannoe v. Lummis*, 662 F. Supp. 718, 723 (S.D.N.Y. 1987).  LWG also argues that DMT's "letter concedes that none of DMT's members are in New York and does not claim that any of its Members are citizens of

Delaware (where [LWG] was formed)." That argument is misplaced. It is true that "where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along, a federal court may . . . allow a complaint to be amended to assert those necessary facts." *Herrick Co., Inc. v. SCS Commc'ns, Inc.,* 251 F.3d 315, 329 (2d Cir. 2001). But LWG's argument ignores the possibility that one of LWG's members and one of DMT's members are citizens of the same state.[1] Because LWG has not pleaded the citizenship of its own members, the Court can only speculate as to whether complete diversity exists. In that circumstance, LWG has not established subject matter jurisdiction. *Cf. Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.").

DMT's letter was a request for a pre-motion conference, not a motion to dismiss. But where a court discovers that it lacks subject matter jurisdiction, a motion is not required, for this Court, like all federal courts, has an "obligation to raise the matter of subject matter jurisdiction '*whenever* it appears from the pleadings or otherwise that jurisdiction is lacking.'" *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (quoting *John Birch Soc'y v. Nat. Broad. Co.,* 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added). *Cf. Mackason*, 347 F. Supp. 2d 53 (S.D.N.Y. 2004) (dismissing action *sua sponte* for failure to plead citizenship of LLC

---

[1] On December 13, 2010, LWG moved [8] to voluntarily dismiss this action as to defendant DMT Holdings, L.L.C. pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). However, because the Court concludes that it has no basis for subject matter jurisdiction over this action regardless of what defendant DMT has represented regarding its members, dismissing DMT Holdings does not establish diversity of citizenship.

members); Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)).

Accordingly, LWG's complaint [1] in this action is dismissed for lack of subject matter jurisdiction.[2] LWG has leave to file an Amended Complaint within thirty (30) days that properly pleads diversity jurisdiction. If LWG fails to file such an Amended Complaint within thirty days, the Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

Dated: New York, New York
 December 20, 2010

Richard J. Holwell
United States District Judge

---

[2] Given this disposition, LWG's motion for voluntarily dismissal as to DMT Holdings is moot.